# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CHARLES THOMPSON, JR., pro per,** | **CASE NO. 1:17-CV-1200 AWI SKO** |
| **Plaintiff** | **ORDER RE: DEFENDANTS' MOTION TO DISMISS** |
| v. | |
| **WELL FARGO BANK, N.A., WORLD SAVINGS BANK, FSB, BANK OF NEW YORK MELLON AS TRUSTEE FOR SECURITIZED TRUST WORLD SAVINGS BANK MORTGAGE PASS THROUGH CERTIFICATES REMIC 31 TRUST, WORLD SAVINGS BANK, FSB, and DOES 1 THROUGH 100 INCLUSIVE, et al,** | **(Doc. 5)** |
| **Defendants** | |

## I. Background

Plaintiff Charles Thompson, Jr. borrowed money from Defendant World Savings Bank, FSB to purchase his residence ("Property") in 2007; a Deed of Trust was executed securing the Property. In 2008, Defendant World Savings Bank changed its name to Wachovia Mortgage, FSB. In 2009, Wachovia Mortgage merged with Defendant Wells Fargo Bank, N.A. At some point the Wells Fargo Defendants[1] securitized the Deed of Trust on the Property and Defendant Bank of New York Mellon acted as Trustee for that separate transaction.

Plaintiff fell behind on his mortgage payments. Notices of Default and Notices of Trustee's Sale were filed with the Fresno County Recorder's Office in 2010-11 and 2016. On June 22, 2016, Plaintiff filed his first suit ("First Suit") in the Superior Court of California, County

---

[1] World Savings Bank and Wells Fargo Bank are considered one entity and represented by the same attorney. They will be referred to collectively as the Wells Fargo Defendants.

of Fresno against Wells Fargo Bank and NBS Default Services, LLC. The First Suit was removed to the U.S. District Court, Eastern District of California, Civil Case No. 16-1101. The case was dismissed with prejudice. On August 8, 2017, Plaintiff filed the present, second suit ("Second Suit") against the Wells Fargo Defendants and Defendant Bank of New York Mellon, again in Superior Court. The Second Suit was removed to the Eastern District. The Wells Fargo Defendants have now made a motion to dismiss, arguing that the claims in the Second Suit must be dismissed due to res judicata and that the allegations fail to state a claim on the merits. Doc. 5. Plaintiff has filed no opposition to the motion.

There is no indication that Defendant Bank of New York Mellon has been served in the Second Suit. On June 28, 2017, the Property was sold at public auction with the Wells Fargo Defendants the winning bidder. It is not clear if Plaintiff is still living at the Property. Plaintiff listed the Property as his residence for purposes of communication as of August 8, 2017. Communication from the court to Plaintiff has continued to be mailed to that address.

**II. Legal Standard**

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011); Johnson v. Riverside Healthcare Sys., 534 F.3d 1116, 1121 (9th Cir. 2008). In reviewing a complaint under Rule 12(b)(6), all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. Faulkner v. ADT Sec. Servs., 706 F.3d 1017, 1019 (9th Cir. 2013). However, complaints that offer no more than "labels and conclusions" or "a formulaic recitation of the elements of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The Court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Wilson v. Hewlett-Packard Co., 668 F.3d 1136, 1145 n. 4 (9th Cir. 2012); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). If a motion to dismiss is granted, "[the] district court

should grant leave to amend even if no request to amend the pleading was made." Henry A. v. Willden, 678 F.3d 991, 1005 (9th Cir. 2012). However, leave to amend need not be granted if amendment would be futile or if the plaintiff has failed to cure deficiencies despite repeated opportunities. Mueller v. Aulker, 700 F.3d 1180, 1191 (9th Cir. 2012); Telesaurus VPC. LLC v. Power, 623 F.3d 998, 1003 (9th Cir. 2010).

### III. Discussion

**A. Judicial Notice**

"As a general rule, 'a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.'" Lee v. City of L.A., 250 F.3d 668, 688 (9th Cir.2001), quoting Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir.1994). "A court may, however, consider certain materials - documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice - without converting the motion to dismiss into a motion for summary judgment." United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003). A document is incorporated by reference if it is "a document the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies." Parrino v. FHP, Inc., 146 F.3d 699, 706 (9th Cir. 1998). "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. Rule Evid. 201(b).

The Wells Fargo Defendants request that a number of documents be judicially noticed. Specifically, they have submitted the Deed of Trust, Notice of Default, Notice of Trustee's Sale, correspondence from federal banking regulatory agencies confirming the change of name and merger that caused Defendant World Savings Bank to Become Defendant Wells Fargo, and documents filed in the First Suit. See Doc. 5-1. The Deed of Trust, Notice of Default, and Notice of Trustee's Sale concerning the Property are public records filed with the Fresno County Recorder whose accuracy are not subject to question. They are also incorporated by reference as the Second Suit complaint necessarily relies on them in articulating the wrongful foreclosure,

fraud, and breach of contract causes of action. The Wells Fargo Defendants' changes in corporate name and form are also readily determined from government sources whose accuracy are not subject to question. The filings in the First Suit are also public records available through this court's electronic filing system. The Wells Fargo Defendants' request for judicial notice is granted. These documents will be considered in ruling on this motion.

**B. Res Judicata**

The First Suit was ultimately adjudicated in federal court. The Second Suit arises out of diversity jurisdiction. When working under diversity jurisdiction, a federal court must apply state res judicata law. Gramm v. Lincoln, 257 F.2d 250, 255 n.6 (9th Cir. 1958). Under California law, "[f]ull faith and credit must be given to a final order or judgment of a federal court. Such an order or judgment has the same effect in the courts of this state as it would have in a federal court." Levy v. Cohen, 19 Cal. 3d 165, 172-73 (Cal. 1977), citations omitted. Thus, a federal court in California sitting in diversity considers the res judicata effect of a prior federal ruling under federal res judicata standards. Costantini v. Trans World Airlines, 681 F.2d 1199, 1201 (9th Cir. 1982).

Under federal law, "[c]laim preclusion, often referred to as res judicata, bars any subsequent suit on claims that were raised or could have been raised in a prior action." Cell Therapeutics, Inc. v. Lash Grp., Inc., 586 F.3d 1204, 1212 (9th Cir. 2010). Claim preclusion applies when three elements are met: "1) an identity of claims; 2) a final judgment on the merits; and 3) identity or privity between the parties." W. Radio Servs. Co. v. Glickman, 123 F.3d 1189, 1192 (9th Cir. 1997), citing Blonder-Tongue Lab. v. University of Ill. Found., 402 U.S. 313, 323-24 (1971). Once res judicata is determined to apply, the merits of the case need not be examined. See Federated Dep't Stores v. Moitie, 452 U.S. 394, 401 (1981) ("The doctrine of res judicata serves vital public interests beyond any individual judge's ad hoc determination of the equities in a particular case.").

**1. Identity of Claims**

4

"Whether the two suits involve the same claim or cause of action requires us to look at four criteria, which we do not apply mechanistically: (1) whether the two suits arise out of the same transactional nucleus of facts; (2) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (3) whether the two suits involve infringement of the same right; and (4) whether substantially the same evidence is presented in the two actions." Mpoyo v. Litton Electro-Optical Sys., 430 F.3d 985, 987 (9th Cir. 2005). "The central criterion in determining whether there is an identity of claims between the first and second adjudications is 'whether the two suits arise out of the same transactional nucleus of facts.'" Frank v. United Airlines, Inc., 216 F.3d 845, 851 (9th Cir. 2000), quoting Costantini v. Trans World Airlines, 681 F.2d 1199, 1201-02 (9th Cir. 1982).

Plaintiff's Second Suit complaint raises claims based on California state law and formally states nine causes of action. Plaintiff challenges the trustee's sale of the Property under the reasoning that Defendants did not have the authority to pursue foreclosure. Doc. 1, Ex. A, Second Suit Complaint, 17:14-20. Additionally, Plaintiff argues that had he known about Defendants' business practices, he would not have entered into the mortgage in the first place. Doc. 1, Ex. A, Second Suit Complaint, 20:21-25. From these two central assertions, Plaintiff asserts wrongful foreclosure, fraud, and breach of contract theories. In his First Suit, Plaintiff made similar factual assertions with respect to the Property, the associated Deed of Trust, and the ongoing foreclosure proceedings in support of his wrongful foreclosure and fraud causes of action. Specifically, he had previously asserted that "none of these alleged beneficiaries or representatives on the Notice of Default and/or Notice of Trustee's Sale can prove that they have the authority to conduct the foreclosure. Furthermore, the Defendants listed on the Notice of Default and/or Notice of Trustee's Sale were never assigned the rights under this Deed of Trust to conduct a valid foreclosure sale" and "Defendants have no standing to enforce a non-judicial foreclosure." Doc. 5-1, Ex. H, First Suit Complaint, 3:10-16 and 10:22-23. Plaintiff also claimed fraud, stating that "Defendants' misrepresentations, failures to disclose, and failure to assign as described above were made with the intent to induce Plaintiff to obligate himself in reliance on the integrity of Defendants and/or Defendants' predecessors." Doc. 5-1, Ex. H, First Suit Complaint, 16:11-16.

1  Though some specific causes of action might be different, the claims made in the Second Suit
2  fundamentally deal with the same subject matter and rights as the First Suit. Consideration of the
3  Second Suit on the merits would impair the final ruling in the First Suit. The causes of action
4  sought in the Second Suit could have been brought in the First Suit. Thus, there is an identity of
5  claims between the First and Second Suit. See Carswell v. Select Portfolio Servicing, Inc., 2016
6  Bankr. LEXIS 3748, at *18 (Bankr. C.D. Cal. Sep. 15, 2016) ("Carswell had the opportunity to
7  specifically attack the validity of WMBFA's endorsement of the Note in the District Court Action,
8  but did not do so.").

**2. Final Judgment on the Merits**

For res judicata to apply, the earlier suit must have resulted in a final judgment on the merits. Tahoe-Sierra Pres. Council, Inc.v. Tahoe Reg'l Planning Agency, 322 F.3d 1064, 1081 (9th Cir. 2003). In the First Suit, the defendants filed a motion to dismiss which was granted; Plaintiff's complaint was dismissed in its entirety with leave to amend. Doc. 5-1, Ex. I, October 12, 2016 Order, at 12. Plaintiff did not file an amended complaint. Upon further motion by the defendants, the First Suit was "DISMISSED in its entirety as to all Defendants with prejudice." Doc. 5-1, Ex. J, Dec. 13, 2016 Order, 2:5-7. The Ninth Circuit has found that dismissals based on a lack of jurisdiction, improper venue, or failure to join a party under Federal Rule of Civil Procedure 19 are not dismissals "on the merits" for purposes of claim preclusion. See Stewart v. United States Bancorp., 297 F.3d 953, 956 (9th Cir. 2002); see also Ruiz v. Snohomish Cnty. Pub. Util. Dist. No. 1, 824 F.3d 1161, 1168 (9th Cir. 2016). Those circumstances do not arise in this case. "Even without a determination which is literally on the merits, a denial with prejudice may be a final judgment with a res judicata effect as long as the result is not unfair." Marin v. Hew, Health Care Fin. Agency, 769 F.2d 590, 593 (9th Cir. 1985). Dismissing a case with prejudice for failure to file an amended complaint is considered a final judgment for purposes of res judicata. See Stowers v. Wells Fargo Bank, N.A., 2014 U.S. Dist. LEXIS 41712, *8 (N.D. Cal. Mar. 25, 2014).

**3. Privity Between the Parties**

"Privity exists when there is 'substantial identity' between parties, that is, when there is sufficient commonality of interest." In re Gottheiner, 703 F.2d 1136, 1140 (9th Cir. 1983). "[P]rivity is a flexible concept dependent on the particular relationship between the parties in each individual set of cases." Tahoe-Sierra Pres. Council, Inc.v. Tahoe Reg'l Planning Agency, 322 F.3d 1064, 1081-82 (9th Cir. 2003). Charles Thompson, Jr. is the plaintiff in both the First and Second Suits. Privity is satisfied on his part. Wells Fargo Bank was a defendant in the First Suit. See Doc. 5-1, Ex. H, First Suit Complaint. The Wells Fargo Defendants have provided documentation of the corporate changes which merged World Savings Bank into Wells Fargo Bank. Doc. 5-2, Exs. B-E. The two banking entities are in privity with each other with respect to these cases. See United States v. Schimmels, 127 F.3d 875, 881 (9th Cir. 1997), quoting Southwest Airlines Co. v. Texas International Airlines, Inc., 546 F.2d 84, 95 (5th Cir. 1977) ("a non-party who has succeeded to a party's interest in property is bound by any prior judgment against the party").

## IV. Order

The Wells Fargo Defendants' motion to dismiss is GRANTED. The claims against Wells Fargo Bank, N.A. and World Savings Bank, FSB are DISMISSED with prejudice.

IT IS SO ORDERED.

Dated:   March 23, 2018                         _____
                                                SENIOR DISTRICT JUDGE